UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**JIMMY ALLEN NORRIS**                                                              **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 1:11-CV-P155-M**

**WARREN COUNTY REGIONAL JAIL et al.**                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion to dismiss filed by Defendants Warren County Regional Jail and Tim Wilson. The Court informed Plaintiff by Order entered February 15, 2012, that although Defendants had titled their motion as a motion to dismiss it was properly brought as a motion for summary judgment. That Order gave Plaintiff 30 days in which to respond to the summary-judgment motion. Plaintiff has not filed a response.[1] The matter being ripe, the Court will grant the summary-judgment motion for the following reasons.

**I. FACTS**

Plaintiff, Jimmy Allen Norris, initiated this 42 U.S.C.§ 1983 prisoner civil-rights action against the Warren County Regional Jail (WCRJ) and the deputy jailer. Plaintiff, a pretrial detainee at the WCRJ, alleged that around June 2011, he was "cuffed and strapped into a chair and tased." He alleged that this conduct violated his constitutional right to be free from cruel and unusual punishment. On initial review, the Court allowed the claim to proceed and ordered service to be effected on Defendants.

**II. ANALYSIS**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to

---

[1] Plaintiff did not file a response to the initial motion to dismiss or after the Court notified him that the motion to dismiss was construed as a summary-judgment motion and gave him an additional 30 days to respond.

any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof.  *Id.*  Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof.  *Id*.  If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.  The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury.  *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990).  The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof."  *Id*. (internal quotation marks omitted).

Defendants argue in their summary-judgment motion that Plaintiff failed to exhaust his available administrative remedies prior to filing suit.  Specifically, they argue that although

Plaintiff did file a timely grievance as to the complained-of incident, he failed to appeal the denial of that grievance within the appropriate time. They attach the affidavit of Jailer Jackie Strode, who avers that the WCRJ has an inmate grievance procedure; that a copy of the inmate rights and rules was given to Plaintiff on his arrival; and that copies of those rights and rules are posted in each cell/dorm at WCRJ. They also attach a copy of those rights and rules with Plaintiff's signature as having been received by him on May 6, 2011. The grievance procedure outlined in those rights and rules states that all grievances must be received within 48 hours of the event; that the Jailer or his designee will respond within 10 days; and that an appeal of the response to the grievance may be made within 48 hours of the initial response.

Defendants also attach an affidavit from Defendant Wilson, who avers that Plaintiff was strapped in the restraining chair and tazed one time on July 9, 2011. Also attached is a copy of a grievance filed by Plaintiff on July 10, 2011, about the tazing incident and the response denying that grievance, dated July 14, 2011. Finally, they attach a copy of the appeal of that grievance, which was not received by jail officials until July 21, 2011. The response to that appeal was: "You did not appeal within 48 hours as stated on your grievance form. /s/ Jackie T. Strode." Underneath the signature appears the following: "FYI If it had been within 48 hours your appeal would have been denied."

Prisoner civil rights cases are subject to the Prison Litigation Reform Act's (PLRA) mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all of the steps of a prison's or jail's grievance process, because an inmate

3

"cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The Supreme Court provided further clarification of the PLRA's exhaustion rule in *Jones v. Bock*, 549 U.S. 199 (2007). The Court struck down the Sixth Circuit's rule which placed the burden on prisoners to plead and prove exhaustion in their complaint, holding instead that failure to exhaust is an affirmative defense. *Jones*, 549 U.S. at 216. The Court further held that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218.

The Court finds that Defendants have submitted adequate summary-judgment proof that Plaintiff failed to exhaust his administrative remedies when he failed to timely appeal. The attachments to their motion clearly show that Plaintiff did not file his appeal until well after the 48-hour deadline had passed. The Court further finds that the prison concluded that he did not appeal timely and only, alternatively, informed Plaintiff that his appeal would have been denied on the merits had it been timely. In such circumstances, the Sixth Circuit has held that dismissal of a subsequent civil action for failure to properly exhaust is appropriate. *Vandiver v. Corr. Med'l Serv., Inc.*, 326 F. App'x 885, 889 (6th Cir. 2009) ("Where the grievance is denied alternatively on the merits and for failure to comply with critical grievance procedures, a later

4

action will be subject to dismissal for failure to properly exhaust under *Woodford*."). "A state is, of course, always free to reject a grievance both for failure to properly comply with available procedures *and* on its merits. . . . As long as the 'procedural default' rejection is clear, a subsequent § 1983 claim based on the grievance will be subject to dismissal for failure to properly exhaust." *Grear v. Gelabert*, No. 07-cv-203, 2008 WL 474098, at *2, n.1 (W.D. Mich. Feb. 15, 2008) (emphasis in original).

In so finding, the Court distinguishes this case from *Reed–Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010), in which the prison officials overlooked the procedural failing (failure to name a single individual in his initial grievance) and chose to address the grievance on the merits. In that case, the Sixth Circuit held that "[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." *Reed-Bey*, 603 F.2d at 325.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment (DN 13) is **GRANTED**.

Date:

cc: Plaintiff, *pro se*
   Counsel of record
4414.009